### RUPPERT v. BENNETT.

(Circuit Court of Appeals, Second Circuit. November 10, 1914.)

#### No. 81.

1. MUNICIPAL CORPORATIONS (§ 705*)—USE OF STREETS—CARE REQUIRED.

Where defendant's driver was using a heavy wagon on a street incumbered by an elevated railroad, and the clearance between the wagon and the pillars was barely sufficient to enable other wagons to pass, it was the driver's duty, when about to start, to observe conditions both front and rear, and in no event to start if danger was to be apprehended.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1515–1517; Dec. Dig. § 705.*]

2. MUNICIPAL CORPORATIONS (§ 705*)—STREETS—USE—CARE REQUIRED.

It is the duty of the driver of a team along a city street, where the space is narrow and danger from collision imminent, to have his team well in hand before starting.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1515–1517; Dec. Dig. § 705.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. Municipal Corporations (§ 706*)—Use of Streets—Collision—Negligence—Question for Jury.

Evidence of negligence of driver of defendant's team, causing injury to plaintiff through collision in the street, *held* for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

In Error to the District Court of the United States for the Southern District of New York.

Action by Robert J. Bennett against Jacob Ruppert. Judgment for plaintiff, and defendant brings error. Affirmed.

Grant C. Fox, of New York City, for plaintiff in error.
Edward J. Byrne, of Brooklyn, N. Y., for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. The jury rendered a verdict of $8,000 in favor of the plaintiff, who was injured by being run over by a brewery wagon owned by the defendant. The question was of fact and peculiarly within the province of the jury. It was fairly presented by the court in a charge to which no exception was taken. The court could not have disposed of the controversy as matter of law. There was testimony from which the jury might have drawn the conclusion that the brewery wagon, through the negligence of its driver, collided with the plaintiff's wagon and threw him into the street where he was run over by one of the wheels of the heavy brewery wagon. In these circumstances to have directed a verdict for the defendant would have been clearly error. The evidence was circumstantial in character, no one saw what occurred at the precise moment when the two wagons collided.

[1-3] The jury were, however, justified in finding that the driver of the brewery wagon was careless in leaving his horses unattended in so dangerous an environment. The clearance between his wagon and the pillars of the elevated railroad was barely sufficient to enable other large wagons to pass. When, therefore, the driver was about to start, it was his duty to observe the conditions in front of and behind his wagon and in no event to start when danger was to be apprehended. So, too, it was his duty to have his team well in hand before starting. It appears from the driver's own testimony that the team was left without hitching and that when he was ready to start he took no precautions to guard against accident. He says:

"I go in the saloon, put the key in the saloon, come out, jump on the pole and take off the blankets * * * so I just take them and throw them over there on the left side. * * * When I got them like this on the seat, just so I have the blankets in my hand, my wagon was struck from behind, so I drop down again on the pole."

The plaintiff testified:

"I seen my way clear, and everything was all right, and I drove about five or six feet when I felt a jar and was thrown to the street, it was a very violent jar. * * * I felt this jar on the right-hand side behind me. As I was passing this brewery truck the horses were standing still; * * * as my seat passed the horses' heads they were still standing."

. Without reciting the testimony further, the jury were justified, if they believed the plaintiff's version of the accident, in finding that the plaintiff was driving along Third avenue in a careful manner when he was thrown from his seat by a collision with the brewery truck from behind which was due to the negligence of its driver in not having his team in hand and under his control when the circumstances were such that a high degree of care should be taken. We think that the trial court was justified in leaving the question of negligence to the jury and that their verdict should not be disturbed.

The judgment is affirmed with costs.